# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60586
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON CHARLES HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-57-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aaron Charles Harris appeals his conviction for being a felon in possession of a firearm and his sentence of 115 months of imprisonment and three years of supervised release. He contends that the district court erred in refusing to give a jury instruction concerning transitory possession of a firearm, which he argues was supported by the evidence. He relies on *United States v. Williams*, 403 F.3d 1188, 1196 (10th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60586

The district court did not abuse its discretion in denying Harris's request for a transitory possession jury instruction. *See United States v. Bowen*, 818 F.3d 179, 188 (5th Cir.), *cert. denied*, 136 S. Ct. 2477 (2016). The court did not err in holding that the jury instruction was not consistent with this court's jurisprudence. The district court also correctly found that even if this court had recognized such a defense as in *Williams*, the evidence presented at trial did not support the requested jury instruction.

Agents observed Harris throw the firearm from the vehicle, and Harris told the agents that he threw the firearm because the agents scared him. He also told agents that there was another firearm in his Suburban and consented to a search of the vehicle. The agents found another firearm on the front passenger seat and a spent .45 caliber shell casing that matched the first firearm. Harris told the agents that he purchased the first firearm at a gun show and stated that the firearms were legal and that he had papers for them. He also gave agents false names, dates of birth, and Social Security numbers, indicating that he had the intent to mislead the agents. The evidence does not support a finding that Harris only momentarily possessed the first firearm, and that he did not knowingly possess the firearms or have the criminal intent to possess them. *See Williams*, 403 F.3d at 1196. Further, the district court gave a jury instruction that adequately defined what constitutes knowing possession of a firearm. Even if this court had recognized a transitory possession defense, the district court did not abuse its discretion in refusing to give the requested jury instruction because the evidence did not support such an instruction. *See Bowen*, 818 F.3d at 188.

Harris also argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) based on its finding that the offense involved three to seven firearms. He asserts that the evidence supports

2

the conclusion that he did not have knowledge of or access to the two firearms found in the air vent of the residence in which he was arrested.

The evidence indicated that Harris sometimes lived at the residence with his girlfriend, Francess Porter, that he kept clothes there, and that he kept a firearm under the mattress in the bedroom. When Harris was arrested, officers found ammunition in the bedroom, along with Harris's clothing and his identification card. Porter testified at the sentencing hearing that she saw Harris's brother, Garrin Harris, with the firearms at issue in the front room of the residence, that two other people were present, and that Harris joined Garrin and the other people in the front room. Based on Porter's testimony, the district court could reasonably infer that Harris knew the firearms were in the residence. The district court's finding that Harris had constructive possession of the two firearms found in the air vent of the residence is plausible in view of the record as a whole. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). Therefore, the district court did not clearly err in imposing the two-level enhancement under § 2K2.1(b)(1)(A) based on its finding that Harris's offense involved three to seven firearms, including firearms found in an air vent in the residence where Harris was arrested. *See United States v. Davis*, 754 F.3d 278, 284 (5th Cir. 2014).

AFFIRMED.